**Terry E.H. THOMPSON, Plaintiff—
Appellant,**

v.

**OREGON DEPARTMENT OF
CORRECTIONS; et al.,
Defendants—Appellees.**

No. 02–35349.

D.C. No. CV–00–00978–OMP.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Terry E.H. Thompson, Ontario, OR, pro se.

Paul L. Smith, DOJ–Oregon Department of Justice, Salem, OR, for Defendant–Appellee.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM**

Terry E.H. Thompson appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA") and the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment to the Department of Corrections ("DOC") and Oregon State Correctional Institute ("OSCI") on Thompson's Eighth Amendment claims because

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

they are barred by the Eleventh Amendment. *See Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir.1995) (per curiam).

■ The district court properly granted summary judgment to DOC and OSCI on Thompson's ADA and RA claims because he failed to raise a genuine issue of material fact as to whether defendants discriminated against him on the basis of his disability. *See Duffy v. Riveland,* 98 F.3d 447, 454–55 (9th Cir.1996).

We affirm summary judgment in favor of the individual defendants named in Thompson's complaint because he concedes that they were properly dismissed from the suit.

■ The district court did not abuse its discretion in denying Thompson's motion for leave to amend his complaint to change the names of the individual defendants. Amendment would have been futile because there are no triable issues of fact regarding any of Thompson's claims. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir.1998); *Ferguson v. City of Phoenix,* 157 F.3d 668, 674 (9th Cir.1998) (Title II of the ADA and section 504 of the RA); *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (Eighth Amendment).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.